PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Page 2

FILED
OCT 2 6 2023

IN THIS OFFICE
Clerk U.S. District Court
Greensboro, N.C.
By _____

| United States District Court | District | Middle |
|---|---|---|

| Name (under which you were convicted): Billy Simmons | Docket or Case No.: |
|---|---|
| Place of Confinement: Bertie Corr. Inst. | Prisoner No.: 0674854 |

Petitioner (include the name under which you were convicted)    Respondent (authorized person having custody of petitioner)

Billy Simmons          v.    Bruce Hodges

The Attorney General of the State of    North Carolina

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   Forsyth County Superior Court
   Winston-Salem, NC 27120-0099
   (b) Criminal docket or case number (if you know): 16CRS060970, 16CRS060434

2. (a) Date of the judgment of conviction (if you know): September 21, 2018
   (b) Date of sentencing: September 21, 2018

3. Length of sentence: 360-444 months, 19-32 months Consecutively

4. In this case, were you convicted on more than one count or of more than one crime? Yes ☑ No ☐

5. Identify all crimes of which you were convicted and sentenced in this case: Second degree
   murder and Possession of a firearm by a felon

6. (a) What was your plea? (Check one)
   (1)  Not guilty ☑                    (3)  Nolo contendere (no contest) ☐
   (2)  Guilty ☐                        (4)  Insanity plea ☐

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge,
   what did you plead guilty to and what did you plead not guilty to? Not guilty to
   all charges

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☑        Judge only ☐

7. Did you testify at a pretrial hearing, trial, or a posttrial hearing?

Yes ☑   No ☐

8. Did you appeal from the judgment of conviction?

Yes ☑   No ☐

9. If you did appeal, answer the following:

(a) Name of court: _North Carolina Court of Appeals_

(b) Docket or case number (if you know): _COA19-519_

(c) Result: _Denied_

(d) Date of result (if you know): _January 7, 2020_

(e) Citation to the case (if you know): _State V. Simmons_

(f) Grounds raised: _Did the Court err in admitting a Jail house Phone Call, failing to ex mero motu strike the Prosecutors argument on his interpretation of the attorney's Strategy, denying defendants motion for mistrial based on the Phone Call, and the closing argument Violated defendants Constitutional rights to_

(g) Did you seek further review by a higher state court?   Yes ☑   No ☐   Continue next page →

If yes, answer the following:

(1) Name of court: _The North Carolina Supreme Court_

(2) Docket or case number (if you know): _____

(3) Result: _Denied_

(4) Date of result (if you know): _See Court docket_

(5) Citation to the case (if you know): _See Court docket_

(6) Grounds raised: _Same as above_

(h) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☑

If yes, answer the following:

(1) Docket or case number (if you know): _____ _N/A_

effective assistance of Counsel, Confrontation, due Process and a right to a fair trial, in Violation of the fifth, sixth, and fourteenth amendments of the U.S. Constitution.

2. whether instructing the Jury on the aggressor doctrine Violated defendant's Constitutional rights to due Process and a fair trial when the state Presented no evidence of the interaction between the defendant and the Victim before the shooting.

(2) Result: _____ *N/A* _____

(3) Date of result (if you know): _____ *N/A* _____

(4) Citation to the case (if you know): _____ *N/A* _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?
    Yes ☑   No ☐

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: *Forsyth Superior Court*

    (2) Docket or case number (if you know): *16 CRS060970, 16 CRS060434*

    (3) Date of filing (if you know): *April 26, 2023*

    (4) Nature of the proceeding: *Motion for Appropriate Relief*

    (5) Grounds raised: *Same as above*

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?   Yes ☐   No ☑

    (7) Result: *Denied*

    (8) Date of result (if you know): *May 25, 2023*

    (b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: *North Carolina Court of Appeals*

    (2) Docket or case number (if you know): *P 23-396*

    (3) Date of filing (if you know): *June 26, 2023*

    (4) Nature of the proceeding: *Petition for writ of Certiorari*

    (5) Grounds raised: *Same as above*

    _____

    _____

    _____

    _____

_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes ☐ No ☑

(7) Result: _____ **Denied** _____

(8) Date of result (if you know): __**August 17, 2023**__

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____ *N/A* _____

(2) Docket or case number (if you know): _____ *N/A* _____

(3) Date of filing (if you know): _____ *N/A* _____

(4) Nature of the proceeding: _____ *N/A* _____

(5) Grounds raised: _____ *N/A* _____

_____
_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? Yes ☐ No ☐

(7) Result: _____ *N/A* _____

(8) Date of result (if you know): _____ *N/A* _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: Yes ☐ No ☐

(2) Second petition: Yes ☐ No ☐     *N/A*

(3) Third petition: Yes ☐ No ☐

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____ **writ of Certiorari is States** _____
_____ **highest state court** _____
_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: *The Court's ruling admitting a Jail house Phone Call, Violated defendant's right to a fair trial, and due process of Law.*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
*on July 24, 2018, defendant made Phone Call to his grandmother, the call was interpretated as to what his attorney said to him, and the Court fail to ex mero moto strike the Prosecutor's argument accusing defense Counsel of Suborning Perjury and denied defendants motion for a mistrial based on the Jail house Phone Call and the Prosecutor's argument. See trial transcripts and defendants brief.*

(b) If you did not exhaust your state remedies on Ground One, explain why:
*all remedies exhausted*

(c) Direct Appeal of Ground One:
(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☑   No ☐
(2) If you did not raise this issue in your direct appeal, explain why: *N/A*

(d) Post Conviction Proceedings:
(1) Did you raise this issue through a post conviction motion or petition for habeas corpus in a state trial court? Yes ☑   No ☐
(2) If your answer to Question (d)(1) is "Yes," state:
Type of motion or petition: *motion for Appropriate Relief*
Name and location of the court where the motion or petition was filed: *Forsyth County Superior Court*

Docket or case number (if you know): *16 CRS 060970, 16 CRS 060434*

Date of the court's decision: *May 25, 2023*

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?

Yes ☑ No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☑ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☑ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *North Carolina Court of Appeals*

Docket or case number (if you know): *P23-396*

Date of the court's decision: *August 17, 2023*

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: *All issued raise and exhausted*

_____

_____

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: *N/A*

_____

_____

GROUND TWO: *Ineffective assistance of Counsel In Violation of the Sixth Amendment of U.S. cont.*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

*On or about September 21, 2018, defendant's trial Counsel filed a motion essentially declaring himself as ineffective, for failing to withdraw as Counsel Concerning the July Phone Call, on the basis that*

_his Credibility had become an issue in the trial of the Case. And in the end, he decided not to withdraw, which Constitute ineffective assistance of Counsel._

(b) If you did not exhaust your state remedies on Ground Two, explain why: _All remedies exhausted_

(c) Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☑   No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _issued raised_

(d) Post Conviction Proceedings:

(1) Did you raise this issue through a post conviction motion or petition for habeas corpus in a state trial court?

Yes ☑   No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _MAR, writ of Certiorari_

Name and location of the court where the motion or petition was filed: _Forsyth County Superior Court, North Carolina Court of Appeals_

Docket or case number (if you know): _16 CRS060970, 16CRS060434, P23-396_

Date of the court's decision: _May 25, 2023, August 17, 2023_

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?

Yes ☐   No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☑   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☑   No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _North Carolina Court of Appeals_

Docket or case number (if you know): *P 23-396*

Date of the court's decision: *August 17, 2023*

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

*N/A*

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: *N/A*

_____

GROUND THREE: *N/A*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*N/A*

(b) If you did not exhaust your state remedies on Ground Three, explain why: *N/A*

(c) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☐

(2) If you did not raise this issue in your direct appeal, explain why: *N/A*

(d) Post Conviction Proceedings:

(1) Did you raise this issue through a post conviction motion or petition for habeas corpus in a state trial court?    Yes ☑    No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *Motion for Appropriate Relief*

Name and location of the court where the motion or petition was filed: *Forsyth County Superior Court*

Docket or case number (if you know): *16 CRS 060970, 16 CRS 060434*

Date of the court's decision: *May 25, 2023*

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?
    Yes ☐    No ☑

(4) Did you appeal from the denial of your motion or petition?
    Yes ☑    No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
    Yes ☑    No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *North Carolina Court of Appeals*

Docket or case number (if you know): *P23-396*

Date of the court's decision: *August 17, 2023*

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: *All issued raised*

_____

_____

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: *N/A*

_____

_____

GROUND FOUR: _____ *N/A* _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*N/A*

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____ *N/A*

(c) Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _____ *N/A*

(d) Post Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   Yes ☐   No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____ *N/A*

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____ *N/A*

Date of the court's decision: _____ *N/A*

Result (attach a copy of the court's opinion or order, if available): _____ *N/A*

(3) Did you receive a hearing on your motion or petition?

Yes ☐   No ☐                    *N/A*

(4) Did you appeal from the denial of your motion or petition?

Yes ☐   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐    No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____ *N/A* _____

Docket or case number (if you know): _____ *N/A* _____

Date of the court's decision: _____ *N/A* _____

Result (attach a copy of the court's opinion or order, if available): _____ *N/A* _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____ *N/A* _____

_____

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____ *N/A* _____

_____

_____

_____

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   Yes ☐    No ☐    *N/A*

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____ *N/A* _____

_____

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

_____ *N/A* _____

_____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   Yes ☐    No ☐    *N/A*

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____ *N/A* _____

_____

_____

_____

_____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?     Yes ☐    No ☐     *N/A*

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

*N/A*

_____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _*William R. Soukup (ACD)*_
_*Capital Defenders office, forsyth County office.*_

(b) At arraignment and plea: _*Same*_

(c) At trial: _*Same Attorney*_

(d) At sentencing: _*Same Attorney*_

(e) On appeal: _*Marilyn G. Ozer*_

(f) In any post conviction proceeding: _*None, PRO-SE*_

(g) On appeal from any ruling against you in a post conviction proceeding: _*None*_

_____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐    No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_____ N/A _____

(b) Give the date the other sentence was imposed: _____ N/A _____

(c) Give the length of the other sentence: _____ N/A _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? Yes ☐ No ☐ N/A

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

_My last filings was Just denied on, or about August 17, 2023, therefore this statute should not bar my filings, and the interest of Justice has not been served in this case, therefore, Petitioner should not be barred for this filing._

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C § 2244(d) provides in part that:

(1) A one year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(continued_)

Therefore, petitioner asks that the Court grant the following relief: *Petitioner asks that this Court Vacate his unconstitutional Convictions, and Order a new trial, or whatever relief this Court deems* or any other relief to which petitioner may be entitled. *appropriate.*

_____ N/A _____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on ___10-22-23___ (month, date, year).

Executed (signed) on ___10-22-23___ (date).

_____
Signature of Petitioner

---

*(...continued)
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition _____

_____

_____

---

IN FORMA PAUPERIS DECLARATION

_____

(Insert appropriate court)

*Middle District*
\* \* \* \* \*

An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-519

Filed: 7 January 2020

Forsyth County, Nos. 16 CRS 60970, 60434

STATE OF NORTH CAROLINA

v.

BILLY JACKSON SIMMONS, III, Defendant.

Appeal by defendant from judgments entered 21 September 2018 by Judge Richard S. Gottlieb in Forsyth County Superior Court. Heard in the Court of Appeals 5 December 2019.

*Attorney General Joshua H. Stein, by Assistant Attorney General Daniel T. Wilkes, for the State.*

*Marilyn G. Ozer for defendant-appellant.*

YOUNG, Judge.

Where there was overwhelming evidence of defendant's guilt, he cannot show that he was prejudiced by the introduction of jailhouse phone calls. Likewise, defendant cannot show that he was prejudiced by the State's reliance on those phone calls to impeach his credibility, or by his counsel's failure to object to the admission of those phone calls into evidence. Where the evidence tended to show that defendant

continued the conflict after the victim attempted to flee, the trial court did not err in instructing the jury on the aggressor doctrine of self-defense. We find no error.

## I. Factual and Procedural Background

On 10 November 2016, Billy Jackson Simmons, III (defendant) went to visit the home of Jeanette Johnson (Johnson), his cousin. As he left the house to purchase cigarettes, he saw a green cab, and its driver, Acara Goldsmith (Goldsmith). On his return to the house, he saw Goldsmith's cab even closer to Johnson's house. Defendant went to the house, gave Johnson the cigarettes, and went out to the street to confront Goldsmith. Johnson called to defendant from the house, and when he turned back to Goldsmith, he saw Goldsmith reaching into his pocket. Defendant raised his hands and backed away to go into the house. Goldsmith then threatened him, and defendant responded by drawing his own weapon and shooting Goldsmith. Defendant did not, however, see a gun in Goldsmith's hand. Goldsmith ultimately died from his injuries.

Virginia Caldwell Hairston (Hairston) witnessed the shooting. While watching the five o'clock news, she heard what sounded like a firecracker going off. When she heard a second noise, she went outside of her home. There, she saw defendant shoot Goldsmith. She watched as Goldsmith rose from the ground and began to flee, and defendant shot him in the back. As she watched, another bystander asked defendant why he did it, and defendant responded, "I'll shoot you too."

- 2 -

On 25 September 2017, defendant was indicted for the second-degree murder of Goldsmith, and for possession of a firearm by a felon. On 21 May 2018, the Grand Jury entered a superseding indictment, replacing the charge of second-degree murder with one of first-degree murder.

At trial, the State sought to present, among other evidence, recordings of phone calls made by defendant from prison. Defendant objected to the introduction of these calls generally, arguing that they were not properly authenticated; the court overruled this objection. One such call was played for the court, and defendant objected to its introduction, on the basis of relevance. The court sustained the objection and excluded the call on a preliminary basis. Subsequently, after defendant presented his evidence, the State requested that the court reconsider the exclusion of the call, for the purpose of rebuttal. Defendant renewed his objection on the grounds of relevance. The trial court overruled the objection and allowed the call to be played for rebuttal.

In advance of trial, defendant provided notice of intent to offer the defense of self-defense. At the jury charge conference, the trial court stated its intent to instruct on the aggressor doctrine of self-defense, over defendant's objection.

The jury returned verdicts finding defendant guilty of second-degree murder and possession of a firearm by a felon. The trial court sentenced defendant to a minimum of 360 and a maximum of 444 months for second-degree murder, and a

- 3 -

minimum of 19 and a maximum of 32 months for possession of a firearm by a felon, to be served consecutively in the North Carolina Department of Adult Correction.

Defendant appeals.

## II. Jailhouse Call

In his first argument, defendant contends that the trial court erred in permitting the State to play a recording of a jailhouse phone call for the jury, in permitting the State to use that phone call to impeach his credibility, and in denying his subsequent motion for mistrial based upon defense counsel's failure to object to the admission of the phone call.   We disagree.

## A. Admission of Evidence

Defendant contends that the State's introduction of the jailhouse phone call was improper and unduly prejudicial, and that the trial court erred in allowing it. Defendant objected to the call on the basis of relevance, and it is on that basis that we review whether the admission of this evidence constituted error.

The phone call at issue consists of a conversation between defendant and his grandmother regarding defendant's choices as to how to mount his defense.  In it, defendant observed that his lawyer wanted him to testify, but that he had nothing to say; he made reference to what defense counsel wanted him to say, and how he did not feel comfortable saying it; and he complained that he asked counsel to have the

- 4 -

victim's clothing tested for gunpowder residue because "he probably shot at me," but that counsel didn't want to do so.

"Evidentiary errors are harmless unless a defendant proves that absent the error a different result would have been reached at trial." *State v. Ferguson*, 145 N.C. App. 302, 307, 549 S.E.2d 889, 893, *disc. review denied*, 354 N.C. 223, 554 S.E.2d 650 (2001).

Defendant contends that this call was not relevant. Even assuming *arguendo* that this is true, defendant still bears the burden of showing that the admission of this evidence was prejudicial. Notwithstanding defendant's arguments to that effect, we hold that it was not. The evidence at trial included the testimony of an eyewitness who saw defendant shoot the victim, as well as defendant's own testimony that he voluntarily approached the victim, that he fired multiple times at the victim, and that he knew the victim might die from the shooting.

In light of this overwhelming evidence that defendant knowingly and willfully shot the victim, we hold that defendant has not shown that, had this evidence been excluded, "a different result would have been reached at trial." We hold that he has failed to show prejudice, and therefore failed to demonstrate that the trial court erred.

## B. New Trial

Additionally, defendant notes that, during its closing, the State referred to how defendant "came up with [his] story." On appeal, defendant argues that the State's closing was grossly improper and required a new trial.

> The standard of review for assessing alleged improper closing arguments that fail to provoke timely objection from opposing counsel is whether the remarks were so grossly improper that the trial court committed reversible error by failing to intervene *ex mero motu*. In other words, the reviewing court must determine whether the argument in question strayed far enough from the parameters of propriety that the trial court, in order to protect the rights of the parties and the sanctity of the proceedings, should have intervened on its own accord and: (1) precluded other similar remarks from the offending attorney; and/or (2) instructed the jury to disregard the improper comments already made.

*State v. Jones*, 355 N.C. 117, 133, 558 S.E.2d 97, 107 (2002) (citation omitted).

Defendant cites our Supreme Court's decision in *State v. Hembree*, 368 N.C. 2, 770 S.E.2d 77 (2015), for the principle that the insinuation that a defendant not only perjured himself, but colluded with his attorney to concoct a false story, is grossly improper. However, *Hembree* is not entirely applicable to this case.

In *Hembree*, the State suggested that the defendant had manipulated his attorneys and, with their help, crafted a false narrative by which to deceive the jury and the trial court. The State specifically described it as an "elaborate tale" and "smoke screens, . . . to try to confuse you." Id. at 19, 770 S.E.2d at 89. On appeal, our Supreme Court noted that our courts typically find closing arguments grossly

- 6 -

improper where they call a witness or opposing counsel a liar "when there has been no evidence to support the allegation." *Id.* (quoting *State v. Rogers*, 355 N.C. 420, 462, 562 S.E.2d 859, 885 (2002)). The Court went on to hold that "[w]hether or not defendant committed perjury, there was no evidence showing that he had done so at the behest of his attorneys." *Id.* at 20, 770 S.E.2d at 89. Accordingly, the Supreme Court held that the comments were grossly improper, and the trial court erred in failing to intervene *ex mero motu*.

The instant case is distinguishable from *Hembree*. While it is true that the State referred to defendant's narrative as "fictions" and "stories," it did not suggest that defendant conspired with counsel. Rather, the State observed that defendant came up with his story through his "phone calls to family." It was in conversations with family, not with counsel, that defendant assembled his narrative.

Moreover, in *Hembree*, the Court specifically noted that there was no evidence showing that defendant had created a false narrative at the behest of counsel. In the instant case, however, the State presented the recording of the phone call as evidence that defendant was discussing his narrative strategy with family. Our Supreme Court has held that, where there "was evidence from which the prosecutor could argue defendant had not told the truth on several occasions, from which, the jury could find that defendant had not told the truth at his trial[,]" and overwhelming evidence to support the defendant's conviction on the merits, the State's insinuations

- 7 -

that the defendant is a liar, while improper, are not so grossly improper as to amount to prejudice. *State v. Huey*, 370 N.C. 174, 183, 804 S.E.2d 464, 471 (2017). In the instant case, the phone calls did constitute evidence based upon which a jury could have found defendant's testimony incredible, and as we held above, there was other overwhelming evidence of defendant's guilt, including an eyewitness' and defendant's own testimony.

We recognize that the State's comments were improper. It remains disturbing to this Court the willingness of prosecutors to argue, or even to suggest, that a witness or defendant is lying, as opposed to merely challenging their credibility. However, since defendant did not timely object to these comments at trial, our standard of review in the instant case is not whether the statements were improper, but whether they were "so grossly improper that the trial court committed reversible error by failing to intervene *ex mero motu*." Given that the State in fact presented evidence which could permit the jury to find defendant's testimony incredible, and given the overwhelming evidence against defendant, we hold – as our Supreme Court did in *Huey* – that defendant has not shown that the State's comments were so grossly improper as to amount to prejudice. Accordingly, we hold that the trial court did not err in failing to intervene *ex mero motu*.

## C. Mistrial

- 8 -

After the State's closing argument, defendant moved for a mistrial on the basis of ineffective assistance of counsel, arguing that the phone call created an implication that counsel colluded with defendant "to fabricate a defense[;]" that the attorney failed to put on a surrebuttal to address the call; and that the attorney "compounded that error" in failing to address the call in closing. Notably, after the trial court denied this motion as premature, defendant did not renew it, nor did defendant file a post-conviction motion for appropriate relief.

> To prevail on a claim of ineffective assistance of counsel, a defendant must first show that his counsel's performance was deficient and then that counsel's deficient performance prejudiced his defense. Deficient performance may be established by showing that counsel's representation fell below an objective standard of reasonableness. Generally, to establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*State v. Allen*, 360 N.C. 297, 316, 626 S.E.2d 271, 286 (citations and quotation marks omitted), *cert. denied*, 549 U.S. 867, 166 L. Ed. 2d 116 (2006).

Once again, we hold – as we have now held twice – that given the other overwhelming evidence against defendant, he has failed to show prejudice. Even assuming *arguendo* that counsel's performance "fell below an objective standard of reasonableness" – a fact of which this Court remains unpersuaded – defendant cannot show that, had counsel done more to oppose the introduction of or commentary upon

the phone call, "the result of the proceeding would have been different." Accordingly, we hold that defendant cannot show prejudice, and has therefore failed to show that the trial court erred in denying his motion for mistrial based upon ineffective assistance of counsel.

### III. Jury Instruction

In his second argument, defendant contends that the trial court erred in instructing the jury on the aggressor doctrine of self-defense. We disagree.

### A. Standard of Review

"[Arguments] challenging the trial court's decisions regarding jury instructions are reviewed *de novo* by this Court." *State v. Osorio*, 196 N.C. App. 458, 466, 675 S.E.2d 144, 149 (2009).

> When reviewing a trial court's denial of a defendant's request for a self-defense instruction, the appellate court must consider the evidence in the light most favorable to the defendant. *See State v. Webster*, 324 N.C. 385, 391, 378 S.E.2d 748, 752 (1989) ("In determining whether there was any evidence of self-defense presented, the evidence must be interpreted in the light most favorable to defendant." (citation omitted)). By contrast, when reviewing a trial court's denial of a defendant's request to exclude the aggressor instruction from the jury instruction on self-defense, the appellate court does not consider the evidence in a light favorable to the defendant, as it is the province of the jury to resolve any conflict in the evidence in that regard.

*State v. Lee*, ___ N.C. App. ___, ___, 811 S.E.2d 233, 237 (2018).

### B. Analysis

- 10 -

As per defendant's request and the evidence presented, the trial court instructed the jury on the defense of self-defense. However, the trial court, over defendant's objection, also instructed the jury on the aggressor doctrine of self-defense. On appeal, defendant contends that this was error.

> The aggressor doctrine provides that a defendant may not receive the benefit of self-defense if he was the aggressor. *State v. Juarez*, 369 N.C. 351, 358, 794 S.E.2d 293, 300 (2016). An individual is the aggressor if he or she " 'aggressively and willingly enters into a fight without legal excuse or provocation.' " *State v. Potter*, 295 N.C. 126, 144, 244 S.E.2d 397, 409 (1978) (quoting *State v. Wynn*, 278 N.C. 513, 519, 180 S.E.2d 135, 139 (1971) ). Further, " '[a] person is entitled under the law of self-defense to harm another only if he is without fault in provoking, engaging in, or continuing a difficulty with another.' " *State v. Effler*, 207 N.C. App. 91, 98, 698 S.E.2d 547, 552 (2010) (internal quotation marks and citations omitted). "[W]here the evidence does not indicate that the defendant was the aggressor, the trial court should not instruct on that element of self-defense." *State v. Jenkins*, 202 N.C. App. 291, 297, 688 S.E.2d 101, 105 (2010).

*Lee*, ___ N.C. App. at ___, 811 S.E.2d at 236-37.

In the instant case, defendant's own testimony revealed that it was he who approached the victim. And while it is true that defendant testified as to his belief that the victim was armed, he also testified that he did not see a gun. Perhaps more importantly, the testimony of the eyewitness and medical examiner revealed that defendant shot the victim from behind, after the victim had fallen and was attempting to flee. A defendant who "continues an argument which leads to serious injury or

death may be found to be the aggressor." *Lee* at ___, 811 S.E.2d at 237. And where the evidence "reflects that the victim was shot from the side and from behind," this may further support the inference "that defendant shot at the victim only after the victim had quit the argument and was trying to leave." *State v. Cannon*, 341 N.C. 79, 83, 459 S.E.2d 238, 241 (1995). Accordingly, this evidence supports a determination that, regardless of who instigated hostilities, defendant continued them by shooting the victim while the latter was attempting to flee. This in turn supports an instruction permitting the jury to find that defendant may have been the aggressor, and would therefore not have been entitled to claim self-defense. That is indeed what happened in this case, and we hold that the trial court did not err in giving the instruction, supported as it was by the evidence.

NO ERROR.

Judges TYSON and MURPHY concur.

Report per Rule 30(e).

STATE OF NORTH CAROLINA

FORSYTH COUNTY

FILED

2023 MAY 23 P 12:30

FORSYTH CO., C.S.C.

BY_____

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
16 CRS 60970

STATE OF NORTH CAROLINA

vs.

BILLY J. SIMMONS, III
          Defendant

)
)
)
)
)
)

**ORDER**

---

THIS MATTER CAME ON TO BE HEARD by the Honorable Resident Superior Court Judge, of Forsyth County the 21st Judicial District, upon Defendant's Motion for Appropriate Relief filed April 26, 2023. Defendant moves the Court pursuant to N.C.G.S. 15A-1411and 15A-1415(b)(3) seeking relief to his felon status. The Court, after reviewing the motion and the records in the case file, finds and concludes as follows:

      1.     In Defendant's Motion for Appropriate Relief, it appears the Defendant's grounds for relief are a violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and in Violation of Article I Sections 18, 19, and 23 of the North Carolina Constitution, ineffective assistance of counsel, and has newly discovered evidence.

      2.     On September 21, 2018, Defendant, by verdict of a duly empaneled jury, was found guilty of second-degree murder. By judgment and commitment, of the same day, Defendant was sentenced to a term of 360 to 444 months in the North Carolina Department of Corrections with a credit of 663 days for time spent in confinement prior to the date of the judgment. Defendant appealed.

      3.     On January 7, 2020, the North Carolina Court of Appeals, in an unpublished opinion, found no error and upheld Defendant's conviction and sentence. *See* COA19-519;

      4.     The issues raised by the defendant in this Motion could have been made or have already been made on his direct appeal and defendant failed to do so. Therefore, this Motion is procedurally barred.

Case 1:23-cv-00926-CCE-JEP   Document 2   Filed 10/26/23   Page 29 of 33

5.      Upon his previous direct appeal to the North Carolina Court of Appeals, the Defendant was in a position to adequately raise any error of law and other grounds underlying the present motion. The grounds and issues underlying the present motion were either not raised by Defendant on his direct appeal, or any such grounds and issues, if so raised, were previously determined upon the merits in such proceedings. Defendant Simmons' present motion is subject to denial for grounds pursuant to North Carolina General Statute § 15A-1419(a).

6.      That under North Carolina General Statute § 15A-1419(a), a Motion for Appropriate Relief should be denied when: (1) "Upon a previous motion made pursuant to the Article, the defendant was in a position to adequately raise the ground or issue underlying the present motion but did not do so"; (2) "The ground or issue underlying the motion was previously determined on the merits upon an appeal from the judgment or upon a previous motion"; or (3) "Upon a previous appeal the defendant was in a position to adequately raise the ground or issue underlying the present motion but did not do so."

7.      Further, and as to Defendant's claims of ineffective assistance of counsel, the Defendant has failed to satisfy the two-part test for ineffective assistance of counsel set out in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 204 (1984), which was adopted in North Carolina by *State v. Braswell*, 312 N.C. 553, 562-63, 324 S.E.2d 241, 248 (1985), in that there is no showing that counsel was deficient and that counsel's performance fell below an objective standard of reasonableness, and further that any deficient performance prejudiced Defendant.

8.      In *Strickland v. Washington*, The United States Supreme Court established a two-part test for determining whether a Defendant receive ineffective assistance of counsel, which the North Carolina Supreme Court adopted in, 312 N.C. 553, 562-63, 324 S.E.2d 241, 248 (1985). First, the Defendant must show that counsel's performance was deficient, which requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the Defendant by the Sixth Amendment. Second, the Defendant must show that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 204 (1984). As to the first part of the test, "a Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance…" Id., at 694, 104 S. Ct. 2068.

2

9.     Defendant has the burden of establishing both prongs of the *Strickland* test in order to show that his counsel was ineffective, and he has not done so.

10.     The Defendant has failed to satisfy the two-part test for ineffective assistance of counsel set out in *Strickland v. Washington* and adopted in *State v. Braswell*, in that there has been no showing that counsel was deficient, or that his counsel's performance fell below and objective standard of reasonableness, and further that any deficient performance prejudiced Defendant.

11.     Since Defendant has failed to establish either part of the two-part Strickland test, the Motion fails to state a cognizable claim for ineffective assistance of counsel and should be dismissed.

12.     As to Defendant's contention as to "newly discovered evidence," these claims are without merit and should be dismissed. N.C. Gen. Statute Section 1415(c) provides that Defendant may, at any time after verdict, "raise the ground that evidence is available which was unknown, or unavailable to the defendant at the time of trial, which could not with due diligence have been discovered or made available at that time, including recanted testimony, and which has a direct and material bearing" upon the Defendant's guilt or innocence.

13.     The North Carolina Court of Appeals has held that, among the factors a Defendant must prove to obtain a new trial on the basis of newly discovered evidence are: (1) that the evidence is "material, competent, and relevant"; (2)  that "the newly discovered evidence does not merely tend to contradict, impeach or discredit the testimony of a former witness"; and (3) that "the evidence is of such a nature that a different result will probably be reached at a new trial." State v. Rhue, 150 N.C. App. 280, 288, 563 S.E. 2d., 72, 77 (2002); citing *State v. Garner*, 136 N.C. App. 1, 13, 523 S.E. 2d 689, 698 (1999), appeal dismissed, and cert. denied, 351 N.C. 477, 543 S.E.2d 500 (2000). Applying these standards to Defendant's claims of "newly discovered evidence", Defendant's Motion, and conclusory allegations, have not established that any alleged evidence was unknown or unavailable to the Defendant at the time of trial, and that it could not have been discovered or made available at that time.

14.     The Defendant has not established that any alleged evidence has a direct and material bearing upon his guilt or innocence, or that it is "material, competent and relevant."

15.     The Defendant has not established that the alleged evidence is of such a nature that "a different result would probably be reached at a new trial."

Case 1:23-cv-00926-CCE-JEP    Document 2    Filed 10/26/23    Page 31 of 33

16.    As to Defendant's contention as to "newly discovered evidence", these claims are without merit and should be dismissed.

17.    That Defendant's Motion should be summarily denied without an evidentiary hearing for the following reasons: (1) On their direct appeal, Defendant was previously in a position to raise any error of law and failed to do so; or if raised, the merits were previously determined; (2) The Defendant has failed to satisfy the two-part test for ineffective assistance of counsel set out in *Strickland v. Washington* and adopted in *State v. Braswell*; and (3) Defendant's contention of "newly discovered evidence" is without merit.

NOW, THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant's Motion for Appropriate Relief be, and hereby is **DENIED.**

IT IS FURTHER ORDERED that the Forsyth County Clerk of Court shall mail or transmit a filed copy of this Order to the Defendant and to the District Attorney for the 21st Judicial District.

This the ___ day of May 2023.

The Honorable Richard S. Gottlieb
Resident Superior Court Judge

4



# North Carolina Court of Appeals

### EUGENE H. SOAR, Clerk

Fax: (919) 831-3615
Web: https://www.nccourts.gov

Court of Appeals Building
One West Morgan Street
Raleigh, NC 27601
(919) 831-3600

Mailing Address:
P. O. Box 2779
Raleigh, NC 27602

**No. P23-396**

**STATE OF NORTH CAROLINA**

**V.**

**BILLY JACKSON SIMMONS, III**

From Forsyth
( 16CRS060970 )

### O R D E R

The following order was entered:

By unanimous vote, the petition for writ of certiorari filed in this cause by petitioner Billy J. Simmons, III, on 26 June 2023 is denied.

By order of the Court this the 17th of August 2023.

WITNESS my hand and the seal of the North Carolina Court of Appeals, this the 17th day of August 2023.

Eugene H. Soar
Clerk, North Carolina Court of Appeals

Copy to:
Attorney General, For State of North Carolina
Billy Jackson Simmons, III, For Simmons, Billy Jackson (III)
The Honorable Clerk of Superior Court, Forsyth County